**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

CASE NO.:

FABIOLA MUNOZ,

    Plaintiff,
v.

A&A ENTERPRISE OF DENVER, INC.
D/B/A STAYBRIDGE SUITES DENVER
DOWNTOWN,

    Defendant.
_____/

**COMPLAINT**

Plaintiff, FABIOLA MUNOZ, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues A&A ENTERPRISE OF DENVER, INC. D/B/A STAYBRIDGE SUITES DENVER DOWNTOWN (hereinafter "Defendant"), and as grounds alleges:

JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, FABIOLA MUNOZ, is an individual over eighteen years of age, who

splits her time between Florida and Colorado, and is otherwise *sui juris*. Plaintiff, FABIOLA MUNOZ, is a member of the Not-for-Profit Corporation, ACCESS 4 ALL INCORPORATED.

5. At all times material, Defendant, A&A ENTERPRISE OF DENVER, INC., owned and operated a commercial hotel at 333 W Colfax Denver, Colorado 80204 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Denver, Colorado.

6. At all times material, Defendant, A&A ENTERPRISE OF DENVER, INC., was and is a Colorado Corporation, organized under the laws of the State of Colorado, with its principal place of business in Pueblo, Colorado.

7. Venue is properly located in the District of Colorado because Defendant's Commercial Property and place of public accommodation is located in Denver, Colorado, Defendant regularly conduct business within Denver, Colorado, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Denver, Colorado.

## FACTUAL ALLEGATIONS

9. Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendant has yet to make their facilities accessible to individuals with disabilities.

10. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of the abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's Commercial Property.

11. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

12. Plaintiff, FABIOLA MUNOZ, is an individual with disabilities as defined by and pursuant to the ADA. FABIOLA MUNOZ uses a wheelchair to ambulate. FABIOLA MUNOZ is a paraplegic with a fracture of her T-12 that caused loss of use to her lower extremities. She is limited in her major life activities by such, including but not limited to walking and standing.

13. Defendant, A&A ENTERPRISE OF DENVER, INC., owns, operates and/or oversees the Commercial Property, its general parking lot and parking spots and it owns, operates and oversees said Commercial Property located in Denver, Colorado, that is the subject of the Action.

14. The subject Commercial Property is open to the public and is located in Denver, Colorado. The Plaintiff visits the Commercial Property, to include a visit to the property on or about April 14, 2022 to April 15, 2022 and encountered multiple violations of the ADA that directly affected her ability to use and enjoy the property. She plans to return to and visits the Commercial Property, in order to avail herself of the goods and services offered to the public, if the property/business becomes accessible.

15. Plaintiff spends much of her time in and near Denver, Colorado, in the same state as the Commercial Property, has frequented the Defendant's Commercial Property for the intended purposes, and intends to return to the property within four (4) months' time of the filing of this Complaint.

16. The Plaintiff, FABIOLA MUNOZ, found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue her patronage and use of the premises.

17. The Plaintiff, FABIOLA MUNOZ, has encountered architectural barriers that are

in violation of the ADA at the subject Commercial Property. The barriers to access at Defendant's Commercial Property has denied or diminished Plaintiff's ability to visit the Commercial Property and endangered her safety. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, FABIOLA MUNOZ, and others similarly situated.

18. Plaintiff, FABIOLA MUNOZ, has also been discriminated against because of the Title III ADA violations on the Defendant's place of public accommodation.

19. Defendant, A&A ENTERPRISE OF DENVER, INC., own and/or operate, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant's own and operate is the Commercial Property business located at 333 W Colfax Denver, Colorado 80204.

20. Plaintiff, FABIOLA MUNOZ, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property, including but not necessarily limited to the allegations in the Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination at the Commercial Property in violation of the ADA. Plaintiff desires to visit the Commercial Property, not only to avail herself to the goods and services available at the Commercial Property, but to assure that the Commercial Property is in compliance with the ADA, so that she and others similarly situated will have full and equal enjoyment of the Commercial Property, without fear of discrimination.

21. Defendant has discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or

accommodations of the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## ADA VIOLATIONS

22. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 21 above as though fully set forth herein.

23. Defendant, A&A ENTERPRISE OF DENVER, INC., has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

24. Defendant has discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant have ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during her visit to the Defendant's Commercial Property, include, but are not limited to, the following:

A. Parking and Exterior Accessible Route

  i. Accessible spaces lack compliant aisles, they are (< 60" wide) impeding Plaintiff from unloading and violating the ADAAG and ADAS Section 502.

 ii. Accessible spaces lack clear and level aisles, they have slopes or cross slope of > 4% (>2%) endangering Plaintiff when unloading and violating the ADAAG and ADAS Section 502.

iii. Parking spaces are not on the nearest, most direct accessible route from parking to access facility entrances, violating the ADAAG and ADAS Section 502, preventing Plaintiff from safely accessing Staybridge Suites Downtown without rest or assistance.

iv. Plaintiff was unable to find signs posted at <60" AFF), which is required by the ADAAG

Section 4.6 and ADAS Section 502.

B. <u>Entrance Access and Path of Travel</u>

i. Ramp or curb ramp (the route to the parking area) does not provide required edge protection where there is an excessive drop-off preventing safe use by Plaintiff to access Staybridge Suites Downtown. Violating the ADAAG and Section 405.9 of the 2010 ADAS.

ii. Ramp at Staybridge Suites Downtown is > 6' in length and lacks compliant handrails or extensions violating Section 4.8 of the ADAAG and Section 405.8 of the 2010 ADAS.

C. <u>Access to Goods and Services</u>

i. Table-top and writing surface heights are >34" (28" min / 34" max), preventing use by Plaintiff, violating 2010 ADAS.

ii. Table knee and toe space is 0" (in the interior dining tables), which is required to be high (27" min) and deep (17" min), preventing use by Plaintiff.

iii. Table knee and toe space is 0" (in the patio tables), which us required to be high (27" min) and deep (17" min), preventing use by Plaintiff.

D. <u>Public Restrooms</u>

i. Plaintiff is unable to reach Dispenser controls 49" AFF (48" AFF max), which exceed limits in ADAAG and 2010 ADAS Sec. 308.

ii. Side grab bar extends for < 54" from rear wall do not comply with the ADAAG and 2010 ADAS Sections 604 and 609, creating a hazardous condition for Plaintiff.

E. <u>Accessible Guestrooms and Suites</u>

i. Drapery wands or controls on lamps or HVAC units are of inaccessible design or > 48" AFF, violating the ADAAG and 2010 ADAS Sections 308 and 309.

ii. Rods and shelves in closets or wall mounted units > 48" AFF or lack the clear floor space for Plaintiff to approach, violating the ADAAG and 2010 ADAS Section 308.

iii. Accessible toilet in accessible guestroom bathroom centerline of 19" (16"-18") from adjacent side wall, preventing Plaintiff from safely using the grab bars.

iv. Toilet in accessible bathroom's side wall grab bar is not at least 42" long and 54" min from the rear wall mounted at 33"-36" AFF Extends < 54" from rear wall, preventing safe use to Plaintiff.

v. Roll-in Shower lacks a securely fastened folding seat at 17"-19" AFF for Plaintiff to transfer and shower, violating the ADAAG and 2010 ADAS Sec 608.

vi. Faucet controls and shower wand are not positioned on the wall along the side of the shower seat to be operable from the folding shower seat or from the shower wheelchair.

vii. Horizontal grab bar has an improper design. Not proper on wall alongside shower seat, wall opposite seat (not behind shower seat) for stabilization and aid in a shower wheelchair or transfer from a wheelchair to the folding shower seat, violating the ADAAG and 2010 ADAS Sections 608 and 609.

viii. Roll-in shower is obstructed by door and curb or lip that impedes Plaintiff's wheelchair transfer onto the seat, violating the ADAAG and 2010 ADAS Sections 608 and 609.

ix. Mirror bottom-reflecting surface at Staybridge Suites Downtown is > 41" AFF > 40" AFF max, violating the 2010 ADAS Section.

**RELIEF SOUGHT AND THE BASIS**

25. The discriminatory violations described in this Complaint are not an exclusive list of the Defendant's ADA violations. Plaintiff requested an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, FABIOLA MUNOZ, from further ingress, use, and equal enjoyment of the Commercial Property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. The remediations for the ADA violations listed herein are readily achievable.

26. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant's Commercial Property; and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

27. Defendant has discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to

discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

28. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

29. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

30. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

31. Pursuant to 42 U.S.C. § 12188, the Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendant operates their the Commercial Property located in Denver, Colorado, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, the Plaintiff, FABIOLA MUNOZ, respectfully requests that the Honorable Court issue (i) a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: September 30, 2022

           **GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
1600 Broadway, Suite 1600
Denver, CO 80202
Telephone: (303) 386-7208
Facsimile: (305) 553-3031
Primary E-Mail:   ajperez@lawgmp.com
Secondary E-Mail: dperaza@lawgmp.com
bvirues@lawgmp.com.

By: ___*/s/ Anthony J. Perez*___
     ANTHONY J. PEREZ
     BEVERLY VIRUES

11